```
STUART HANLON, SBN: 66104
LAW OFFICES OF STUART HANLON
179 11th Street, 2nd Floor
San Francisco, California 94103
(415) 864-5600

Attorney for Defendant
STEVEN TIEU aka CUONG TIEU
```

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STEVEN TIEU aka CUONG TIEU, <br><br> Defendants. | No. CR 08-0203 WDB <br><br> **DEFENDANT'S SENTENCING MEMORANDUM** <br><br> Date: April 24, 2008 <br> Time: 10:00 a.m. <br> Ctrm: Hon. Wayne D. Brazil |

The defendant has pled guilty pursuant to a plea agreement to one count of violating a misdemeanor 16 U.S.C. Section 1538(a)(1)(a), which alleges a violation of the endangered species act by bringing into the United States a stuffed mounted tiger without obtaining permits to export it from Vietnam or to bring to the United States. Defendant Tieu faces the maximum punishment of one year in jail with one year supervised release and an agreed upon restitution. Defendant Tieu may also face immigration consequences in that he is not an American Citizen

*TIEU: Sentencing Memorandum*                                                                 1

but has lived here as a legal resident for a long period of time.

The guideline determination is laid out in the Plea Agreement as follows (please see page three of the Plea Agreement). The adjusted level with acceptance for responsibility is 12. If there was a two point reduction, as agreed upon in court by the government because of his meeting with the government pursuant to 18 U.S.C. Section 3553 (e), the adjusted level would be 10 with a Category III criminal history (4 to 6 points) for a total sentence of 10 to 16 months.

Based on these calculations, the defendant and the government have agreed to a sentence of ten months of home detention to be terminated after six months if the defendant complies with all conditions of his sentence and supervision.

### Defendant's Background

The defendant is a 38 year old male who was born in Vietnam and came to the United States in 1980 at the age of 11 years old. He presently resides with his fiancé (the co-defendant) and they have a four year old son, Anthony. He has worked for the last four or five years at an automobile body shop in Richmond, California as a full-time mechanic. He intends to open a restaurant but, at the present time, he continues to work at the body shop.

### Facts of the Case

Defendant Tieu does not minimize the crime here. An endangered species is an extremely serious crime because they affect not only people in the United States but throughout the

world.  The defendant is extremely remorseful for what he did and for his role.

Defendant Tieu will meet with the government prior to his sentencing and explain to them what occurred.  Basically, the facts are that a friend of his in the United States asked him to allow someone to send a "gift" or "stuffed animal" to him at his home in Hercules, California.  Because he was in and out of the home, he told the friend to put the item in his fiance's name and agreed to have it sent to the home in Hercules.  Defendant Tieu never took the proper steps to obtain permits and allowed him and his family to be used in the process of bringing in the stuffed and mounted tiger.

Though this action is certainly not acceptable on either a legal or moral level in that it affects an endangered species of animal, it is not the type of situation where the defendant or his wife intended to secure a profit by allowing this event to occur.

## Discussion

The Sentencing Act, which, as mandated by *Booker*, now guides federal judges in their selection of a sentence, directs the courts to "impose a sentence sufficient, but not greater than necessary, to comply . . . with the need for the sentence imposed –

    (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

*TIEU: Sentencing Memorandum*     3

    (B)   to afford adequate deterrence to criminal conduct;

    (C)   to protect the public from further crimes of the defendant; and

    (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

    *See* 18 U.S.C. § 3553(a)(2).

Section 3553(a) further directs sentencing courts to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established for the offense under the Guidelines; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  Thus, the Guidelines range for the offense is but one of ten factors specified under The Sentencing Act.

In accordance with *Booker* and with the directives of 18 U.S.C. § 3553(a), Mr. Calder submits the following concerning the Court's consideration of the required factors in imposing a sentence.

**I.**    **The Nature and Circumstances of the Offense and the History and Characteristics of Mr. Tieu.**

    **A.**    **Defendant's Criminal Activity**

*TIEU: Sentencing Memorandum*     4

The defendant played a role in the bringing of the tiger into the United States. It was not a main role and it was not done with the intent to assist in endangering the tigers that live in Asia even though that was the result.

### B. Defendant's History

Defendant Tieu has a juvenile conviction in 1986 for theft. In 1988, he was charged with a homicide. The record indicates that after an initial hung jury, the case led to a verdict of a homicide which was reduced on a writ of habeas corpus to a voluntary manslaughter for which the defendant stands convicted. Defendant Tieu was released from custody and paroled in 1997.

Defendant Tieu also suffered a drunk driving arrest and conviction for which he was on probation. Probation terminated according to the defendant in 2006.

The defendant is not your typical Category III defendant with multiple convictions. In one sense, the defendant's criminal history is overstated; he has no criminal history of felonies (except for drunk driving) since his release from prison in 1997. However, if he remained free from any type of custodial situation for another 5 years, the three points would be removed from his record. The drunk driving, though criminal, is not a major offense. Whether he was on probation is irrelevant because there would still be a point level of six as opposed to four and a Category III.

Mr. Tieu has maintained employment and cares for his fiancé and their child. It is the defendant's request he be placed on

*TIEU: Sentencing Memorandum*                                                                 5

home detention so that he continue to remain employed and provide for his family.

## II. The Need for the Sentence Imposed to Satisfy Certain Articulated Purposes.

### A. To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense.

Mr. Tieu in his wife never intended to make any profit from this crime and his actions were in no way connected to advocating or assisting in the killings of endangered species.  A misdemeanor conviction, restitution and placement on home detention reflect the seriousness of the offense and just punishment

### B. To Afford Adequate Deterrence to Criminal Conduct.

A sentence of home detention and misdemeanor conviction for this offense satisfies any concerns this Court may have about deterring any criminal conduct by Mr. Tieu.  Outside of the DUI, which should not be discounted, Mr. Tieu has remained conviction free since his release from prison in 1997.

### C. To Protect the Public from Further Crimes of Mr. Tieu.

Mr. Tieu is ashamed that he had any involvement in this offense.   He fully accepts responsibility for the role he played and is remorseful.

## III. The Kinds of Sentences Available.

As noted above, Defendant Tieu faces the maximum punishment

*TIEU: Sentencing Memorandum* 6

of one year in jail with one year supervised release and an agreed upon restitution.

**IV.     The Kinds of Sentence and the Sentencing Range Established for the Applicable Category of Offense Committed by the Applicable Category of Defendant as Set Forth in the Guidelines.**

Under the Guideline situation, whether or not the government makes a 5K motion, the defendant is eligible for home detention without jail. The defendant believes that this eligibility is furthered by the other factors of 3353 as discussed above, which this Court must consider.

**CONCLUSION**

Based on the above, the defendant respectfully requests that this Court sentence him to ten months of home detention as agreed to by the government which will be terminated after six months if the defendant follows all conditions of his sentence.

Dated: April 22, 2008       s/Stuart Hanlon
                            CSBN: 66104
                            Attorney for Defendant
                            STEVEN TIEU aka CUONG TIEU
                            179 11th Street, 2nd Floor
                            San Francisco, CA 94103
                            415/864-5600
                            stuart@stuarthanlonlaw.com